IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

JAKE'S BAR AND GRILL, LLC, and
ANTONIO VITOLO,

        Plaintiffs,

   v.

ISABELLA CASILLAS GUZMAN,

        Defendant.

## COMPLAINT

Plaintiffs allege their complaint against Defendant as follows:

### INTRODUCTION

1. "The Constitution created a government dedicated to equal justice under law." *Cooper v. Aaron*, 358 U.S. 1, 19 (1958). The government may not frustrate this principle of equality by making "distinctions between individuals based solely on differences that are irrelevant to a legitimate governmental objective." *Lehr v. Robertson*, 463 U.S. 248, 265 (1983). Whether it be discrimination based on race or gender, "unreasonable discrimination" by the government is never permitted. *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954).

2. In March 2021, the United States pushed aside equality under the law by enacting a grant program that gives special treatment based on race and gender. Under Section 5003 of the American Rescue Plan Act (ARPA), Congress appropriated $28.6 billion to create the Restaurant Revitalization Fund, to be administered by

1

Defendant, who runs the Small Business Administration (SBA). This fund provides relief for restaurants impacted by the COVID-19 pandemic. Under the terms of the law, however, Defendant must administer the fund in a discriminatory manner. For the first 21 days, which started May 3, 2021, Defendant is obligated to "prioritize awarding grants" to restaurants owned by certain minorities and women.

3.      To implement this discriminatory mandate, Defendant adopted a first-come, first-serve queue to process grant requests until the money runs out, but has then re-sorted applicants within the queue based on their race and gender, putting white male restaurant owners behind certain minority or female applicants, regardless of when they filed an application. Given the limited pot of funds, this puts white male applicants at significant risk that, by the time their applications are processed, the money will be gone. Every day that goes by increases this risk, as Defendant pays out grants to minority and female applicants but holds requests from white male applicants.

4.      Antonio Vitolo is a white male who owns Jake's Bar and Grill in Harriman, Roane County, Tennessee. Although his wife is Hispanic and owns 50% of the restaurant, Jake's Bar and Grill is not eligible for priority treatment because Vitolo is a white male. Vitolo applied for a grant on the first day the application opened, but because of his race and gender, Defendant will not process his application until after applications from certain minority and female owners received during the first 21 days of the administration of the Restaurant Revitalization Fund.

2

5. Defendant has no justification for granting these priorities based on race and gender. Therefore, the program is unconstitutional and should be enjoined. Moreover, because this program involves a limited pot of funds that is quickly running out, this Court should immediately enjoin Defendant from paying out any claims until she stops discriminating on the basis of race and gender.

## THE PARTIES

6. Jake's Bar and Grill, LLC, is a Tennessee limited liability company, with its principal place of business in Harriman, Roane County, Tennessee.

7. Antonio Vitolo is a white male who owns Jake's Bar and Grill, LLC. His wife is Hispanic and, by operation of state law, she owns 50% of the business. Vitolo applied for a grant from the Restaurant Revitalization Fund on May 3, 2021; however, Vitolo's application has been put on hold because he is a white male. Other restaurant owners' applications, however, have been and are being processed because they are not white males.

8. Defendant Isabella Casillas Guzman is the Administrator of SBA. Under Section 5003 of ARPA, Defendant Guzman is responsible for administering the Restaurant Revitalization Fund. She is sued in her official capacity for declaratory and injunctive relief.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this complaint under 28 U.S.C. § 1331, § 2201, and 5 U.S.C. § 702, because this case presents a substantial question of federal law, specifically whether Section 5003 of ARPA—and Defendant's implementation of

3

that section—violates the United States Constitution's guarantee of equal protection of the laws.

10.     This Court has authority to issue a declaratory judgment and to order injunctive relief and other relief that is necessary and proper pursuant to 28 U.S.C. §§ 2201 and 2202.

11.     Venue is appropriate in this district under 28 U.S.C. § 1391(e)(1). A substantial part of the events giving rise to this claim occurred in this district and a substantial part of the property subject to this action is situated in this district.

## STATEMENT OF CLAIM

12.     On March 11, 2021, the President of the United States signed ARPA into law.

13.     Through Section 5003 of ARPA, Congress appropriated $28.6 billion for the Restaurant Revitalization Fund to be administered by Defendant who is the Administrator of SBA. ARPA provides that the "Administer shall use amounts in the Fund to make grants" to restaurants that require grant support due to "the uncertainty of current economic conditions."

14.     Section 5003(c)(3) of ARPA provides a priority to certain applicants: "During the initial 21-day period in which the Administrator awards grants under this subsection, the Administrator shall prioritize awarding grants to eligible entities that are small business concerns owned and controlled by women, [veterans], or socially and economically disadvantaged small business concerns."

4

15.    ARPA incorporates another federal law called the Small Business Act, which provides that "[s]ocially disadvantaged individuals are those who have been subjected to racial or ethnic prejudice or cultural bias because of their identity as a member of a group without regard to their individual qualities." 15 U.S.C. § 637(a)(4)(A).

16.    SBA regulations further define "socially disadvantaged individuals" and "economically disadvantaged individuals" as those individuals who belong to certain racial groups. 13 C.F.R. §§ 124.103, .104. To fit into these groups, individuals must be a member of one of the following groups: "Black Americans; Hispanic Americans; Native Americans (including Alaska Natives and Native Hawaiians); Asian Pacific Americans; or Subcontinent Asian Americans."

17.    Vitolo is not a member of any of the racial or ethnic groups identified in 13 C.F.R. § 124.103 or any other group identified by Defendant as "socially disadvantaged" or "economically disadvantaged."

18.    Vitolo and Jake's Bar and Grill, LLC are eligible for a grant under the Restaurant Revitalization Fund, except they are not eligible for priority consideration because Antonio Vitolo is a white male.

19.    On April 30, 2021, SBA sent an email to restaurants detailing the process for the Restaurant Revitalization Fund. The email included the following information: "All businesses can and should apply on Monday. Due to limited funds and the first-come, first-served basis, the earliest possible submission of your application is the best way to maximize your chance of receiving the grant. The law

5

mandates a 21-day priority window for businesses owned and controlled by women, veterans, and socially and economically disadvantaged individuals. The SBA has indicated it will fund those applications first, as required."

20.    On May 3, 2021, Vitolo applied for a grant under the Restaurant Revitalization Fund at restaurant.sba.gov. During the application process, SBA notified Vitolo that "SBA will accept applications from all eligible applicants, but only process and fund priority group applications." The website continued that priority applicants include businesses owned by "women, veterans, or socially and economically disadvantaged individuals." SBA's website further explains that "socially disadvantaged individuals" and "economically disadvantaged individuals" must be "a member of a group" that has "been subjected to racial or ethnic prejudice or cultural bias."

21.    Vitolo applied for the grant and chose "white" as his race and "male" as his gender, which means his application is pushed to the back of the queue behind certain minority applicants and women.

22.    Vitolo would be "economically disadvantaged" were it not for the racial classification in that definition.

23.    On May 4, 2021, SBA sent Vitolo an email explaining that because he is a white male, he will not have the same privileges as other non-white and female restaurant owners: "As outlined by Congress, the SBA will focus their reviews on the priority applications that have been submitted. Applicants who have submitted a non-priority application will find their applications remain in a Review status while

6

the priority applications are processed during the first 21 days. Applicants in this status should not anticipate any outreach from the SBA during this period."

24.     On May 7, 2021, SBA sent Vitolo an email stating that the SBA received 186,200 applications in the first two days. The email goes on to explain that 46,400 applications were from women and 30,800 applications were from minority restaurant owners.

25.     Plaintiffs are harmed in multiple ways. First, they have been pushed to the back of the line, regardless of when they applied, for a limited fund that may run out before their application is processed. Second, even if the fund does not run out, Plaintiffs are harmed by being treated differently because of their race and gender during the application process for a grant under the Restaurant Revitalization Fund program.

26.     Unless Defendant is immediately enjoined, Plaintiffs may never be able to recover from the Restaurant Revitalization Fund program if the funds run out before the application is processed.

## CAUSE OF ACTION
## EQUAL PROTECTION VIOLATION

27.     Plaintiffs reallege and incorporate by reference the allegations set forth above as if fully set forth herein.

28.     The Constitution forbids "discrimination by the general government . . . against any citizen because of his race." *Gibson v. State of Mississippi*, 162 U.S. 565, 591 (1896).

7

29.	Gender discrimination is also unconstitutional. Courts "carefully inspect[ ] official action that closes a door or denies opportunity to women (or to men)." *United States v. Virginia*, 518 U.S. 515, 532 (1996).

30.	"The liberty protected by the Fifth Amendment's Due Process Clause contains within it the prohibition against denying to any person the equal protection of the laws." *United States v. Windsor*, 570 U.S. 744, 774 (2013).

31.	"[A]ll racial classifications imposed by government must be analyzed by a reviewing court under strict scrutiny." *Johnson v. California*, 543 U.S. 499, 505 (2005) (citation omitted). "Under strict scrutiny, the government has the burden of proving that racial classifications are narrowly tailored measures that further compelling governmental interests." *Id*. (citation omitted).

32.	When gender discrimination is employed, the burden "rests entirely" on the government to offer an "exceedingly persuasive" justification and to prove that "the discriminatory means employed are substantially related to the achievement of those objectives." *Virginia*, 518 U.S. at 532 (citations omitted).

33.	Section 5003 of ARPA imposes racial classifications and grants a benefit—priority consideration—based on those racial classifications.

34.	Section 5003 of ARPA likewise uses gender discrimination as a method of distributing funds through a gender-based priority consideration.

35.	Defendant is responsible for interpreting and implementing Section 5003 of ARPA.

8

36.     Although Plaintiffs suffered from the COVID-19 pandemic and are otherwise eligible for a grant under the Restaurant Revitalization Fund, Plaintiffs are ineligible for priority consideration and instead are pushed to the back of the line, because Vitolo is a white male.

37.     Plaintiffs applied for a grant under Section 5003 of ARPA and were denied priority consideration because Vitolo is a white male.

38.     The racial classifications under Section 5003 of ARPA are unconstitutional because they violate the Equal Protection and Due Process guarantees in the United States Constitution. These racial classifications under Section 5003 of ARPA are not narrowly tailored to serve a compelling government interest.

39.     The gender-based classification under Section 5003 of ARPA is unconstitutional because it violates the Equal Protection and Due Process guarantees in the United States Constitution. This gender-based classification is not supported by an exceedingly persuasive objective, and the discriminatory means employed are not substantially related to the achievement of any such objective.

## RELIEF REQUESTED

Plaintiffs respectfully request that this Court:

A.     Immediately enter a temporary restraining order prohibiting Defendant from paying out any grants from the Restaurant Revitalization Fund, *unless* Defendant begins processing applications and paying grants in the order that the applications were received, without regard to the race or gender of the applicant.

9

B. Enter a temporary injunction requiring Defendant to process applications and pay grants, including Plaintiffs' application, in the order that they were received, regardless of the applicant's race or gender.

C. Enter a declaratory judgment that the race- and gender-based classifications under Section 5003 of ARPA are unconstitutional.

D. Enter an order permanently enjoining Defendant from applying race- and gender-based classifications when determining eligibility or priority consideration for grants under Section 5003 of ARPA.

E. Grant Plaintiffs such other and further relief as the court deems appropriate.

10

Dated: May 11, 2021

WISCONSIN INSTITUTE FOR LAW & LIBERTY
Rick Esenberg (*pro hac vice pending*)
rick@will-law.org

/s/ *Daniel P. Lennington*

Daniel P. Lennington *(pro hac vice pending)*
dan@will-law.org

Luke N. Berg *(pro hac vice pending)*
luke@will-law.org

330 E. Kilbourn Ave., Suite 725
Milwaukee, WI 53202
Phone: (414) 727-9455
Fax: (414)727-6385


*/s/ Matthew J. McClanahan*
Matthew J. McClanahan (BPR #036867)
McClanahan & Winston, PC
PO Box 51907
Knoxville, Tennessee 37950
Telephone:  (865) 347-3921
Fax:  (865) 444-0786
Email: matt@tennadvocate.com

*Attorneys for Plaintiffs*

11