IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

JAKE'S BAR AND GRILL, LLC, and
ANTONIO VITOLO,

    Plaintiffs,

v.                                                         Case No. 3:21-cv-176

ISABELLA CASILLAS GUZMAN,

    Defendant.

## PLAINTIFFS' EMERGENCY MOTION FOR AN
## INJUNCTION PENDING APPEAL

Yesterday, the Small Business Administration announced that it has disbursed over $6 billion (more than 20%) of the Restaurant Revitalization Fund. SBA, *Last Call: Administrator Guzman Announces Final Push for Restaurant Revitalization Fund Applications* (May 18, 2021).[1] Given that Defendant is rapidly depleting this fund, Plaintiffs plan to file, tomorrow, an emergency appeal with the Sixth Circuit of this Court's order denying Plaintiffs' motion for a TRO. Dkt. 20.

Accordingly, Plaintiffs hereby move, pursuant to Federal Rule of Appellate Procedure 8, for an injunction pending appeal, prohibiting Defendant from paying out any more grants from the Restaurant Revitalization Fund, *unless* Defendant begins processing applications and paying grants in the order that the applications were

---

[1] https://www.sba.gov/article/2021/may/18/last-call-administrator-guzman-announces-final-push-restaurant-revitalization-fund-applications

received, without regard to the race or gender of the applicants. The grounds for this motion are set forth fully in Plaintiffs' briefs and argument in support of a TRO. Given that this Court has already denied the TRO, Plaintiffs realize this Court will likely deny an injunction pending appeal for the same reasons. However, Federal Rule of Appellate Procedure 8 requires Plaintiffs to ask this Court first, hence this motion. Plaintiffs respectfully request a decision **on this motion by tomorrow at 2 pm**.

We respectfully submit that this type of relief is warranted under the unusual circumstance of this case. Congress has created a presumption that minority or female-owned businesses in the country falling within the rather broad definition of "socially and economically disadvantaged' are entitled to a preference over virtually every such business owned by a white male. Even if it is theoretically possible for a white-male-owned business to overcome this race-and-gender based presumption, businesses in Plaintiffs' position have still been disadvantaged due to their race. *See Fisher v. Univ. of Texas at Austin,* 570 U.S. 297, 307 (2013), *Grutter v. Bollinger*, 539 U.S. 306, 326 (2003); *Gratz v. Bollinger*, 539 U.S. 244, 270 (2003). The United States Supreme Court has made clear that the need to eliminate a racial disparity or create racial balance among beneficiaries of a government program does not constitute a compelling interest that might justify a racial preference program (as the defendant concedes this to be). *Parents Involved in Cmty. Sch. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 729–31 (2007); *Shaw v. Hunt*, 517 U.S. 899, 909–910 (1996); *Adarand Constructors, Inc. v. Pena,* 515 U.S. 200, 220–22 (1995); *City of Richmond v. J.A. Croson Co.,* 488 U.S. 469, 505–06 (1989).

While a particularized finding of discrimination that is sufficiently focused and with a sufficiently ascertainable effect (to determine how much of a preference can be justified) may be compelling, *Shaw*, 517 U.S. at 909–10, the United States Supreme Court has repeatedly made clear that allegations of societal (i.e., "systemic" or "structural" discrimination), *id.*; *Parents Involved*, 551 U.S. at 731, *Croson*, 488 U.S. at 498–99, or even allegations of generalized discrimination within an industry, *Shaw*, 517 U.S. at 909–10; *Parents Involved*, 551 U.S. at 731, do not create a compelling interest. Nor has defendant offered any explanation as to why a non-racial alternative—say one that created a priority for those who had not participated in earlier relief programs or who are in a weaker financial position—would not have sufficed.

Dated: May 19, 2021

                                                WISCONSIN INSTITUTE FOR LAW & LIBERTY

Rick Esenberg
rick@will-law.org

/s/ *Daniel P. Lennington*
Daniel P. Lennington
dan@will-law.org

Luke N. Berg
luke@will-law.org

330 E. Kilbourn Ave., Suite 725
Milwaukee, WI 53202
Phone: (414) 727-9455
Fax: (414)727-6385


*/s/ Matthew J. McClanahan*
Matthew J. McClanahan (BPR #036867)
McClanahan & Winston, PC
PO Box 51907
Knoxville, Tennessee 37950
Telephone:  (865) 347-3921
Fax:  (865) 444-0786
Email: matt@tennadvocate.com

*Attorneys for Plaintiffs*

- 4 -