IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

JAKE'S BAR AND GRILL, LLC, and
ANTONIO VITOLO,

    Plaintiffs,

v.                                                                     Case No. 3:21-cv-176

ISABELLA CASILLAS GUZMAN,

    Defendant.

## PLAINTIFFS' RESPONSE REGARDING PENDING
## PRELIMINARY INJUNCTION MOTION

      In this Court's memorandum opinion denying Plaintiffs' motion for a temporary restraining order, this Court directed Plaintiffs to tell this Court "whether they wish to persist in their motion for a preliminary injunction." Dkt. 24:29. Plaintiffs do want to proceed with their preliminary injunction motion, and respectfully request a prompt briefing schedule on that motion. Plaintiffs propose that this Court give Defendant a short period to file any supplemental briefing, a short period for Plaintiffs to file a reply, and then rule on the preliminary injunction motion on the briefs, without another hearing.

      Given the time-sensitive nature of this case and the basis for this Court's TRO decision, Plaintiffs have immediately appealed this Court's order denying a TRO and have filed an emergency motion for an injunction with the Sixth Circuit. Plaintiffs' primary position, as explained in their motion to the Sixth Circuit, is that the Sixth

Circuit can grant an injunction equivalent to that sought by Plaintiffs in their preliminary injunction motion—requiring Defendant to process all applications in the order they were received, without regard to the race and gender of the applicant. However, Plaintiffs acknowledge that this Court has not yet ruled on the preliminary injunction motion, and Defendant has suggested that it may want to present additional briefing in defense. Dkt. 18:8–9 n. 4. Accordingly, Plaintiffs proposed to the Sixth Circuit, in the alternative, that it could instead enjoin Defendant from disbursing any funds until this Court rules on the preliminary injunction motion.

Plaintiffs of course do not know which route the Sixth Circuit will take, or what Defendant's position will be. If Defendant is willing to stipulate that the Sixth Circuit can resolve the entire injunction question now, without further briefing in this Court, then there is no need to proceed with the preliminary injunction motion until the Sixth Circuit rules on Plaintiffs' emergency motion. If not, however, given the time sensitive nature of this case, this Court should proceed to schedule the preliminary injunction now, as proposed above. Plaintiffs will of course promptly notify this Court of any action by the Sixth Circuit relevant to the preliminary injunction motion.

Dated: May 20, 2021

WISCONSIN INSTITUTE FOR LAW & LIBERTY

Rick Esenberg
rick@will-law.org

Daniel P. Lennington
dan@will-law.org

/s/ *Luke N. Berg*

Luke N. Berg
luke@will-law.org

330 E. Kilbourn Ave., Suite 725

Milwaukee, WI 53202
Phone: (414) 727-9455
Fax: (414)727-6385


*/s/ Matthew J. McClanahan*
Matthew J. McClanahan (BPR #036867)
McClanahan & Winston, PC
PO Box 51907
Knoxville, Tennessee 37950
Telephone: (865) 347-3921
Fax: (865) 444-0786
Email: matt@tennadvocate.com

*Attorneys for Plaintiffs*