IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

ANTONIO VITOLO, JAKE'S BAR AND GRILL,
LLC, BYRON SACKETT, HOMESTEADS
MANAGEMENT, LLC, KEVIN L. PEARSON,
S & K SOUP CO., ALFRED CASTIGLIONI,
THE 579 LLC, CHARDONNAYS INC., ZINFANDEL
LLC, DENIS FLANAGAN, 3KAD LLC

      Plaintiffs,

v.                                  Case No. 3:21-cv-176

ISABELLA CASILLAS GUZMAN,

      Defendant.

**PLAINTIFFS' SECOND EMERGENCY MOTION FOR A TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiffs Byron Sackett, Homesteads Management, LLC, Kevin L. Pearson, S & K Soup Co., Alfred Castiglioni, The 579 LLC, Chardonnays Inc., Zinfandel LLC, Denis Flanagan, 3kad LLC (Additional Plaintiffs) move, pursuant to Federal Rule of Civil Procedure 65, for a temporary restraining order and/or preliminary injunction, ordering Defendant to pay Additional Plaintiffs' grant applications, if approved, before all other later-filed applications, without regard to processing time or the applicants' race or sex—exactly the same relief the Sixth Circuit ordered with respect to Plaintiffs Antonio Vitolo and Jake's Bar and Grill, LLC (Original Plaintiffs).[1]

---

[1] Plaintiffs continue to believe that a national injunction is appropriate, and hereby request one, for the reasons previously explained, and to avoid further emergency injunction requests like this. *See* Dkt. 31-1:19–21. However, this Court should, at the very least, issue an injunction applicable to the Additional Plaintiffs.

The grounds for this motion are set forth in the Sixth Circuit's opinion issued on May 27, 2021, *see Vitolo v. Guzman,* 2021 WL 2172181 (6th Cir. May 27, 2021), in the prior briefing submitted by Original Plaintiffs in support of a temporary restraining order and preliminary injunction, *see* Dkts. 12-2, 31-1, in the declarations attached as exhibits to this motion, and in the additional arguments below.

Original Plaintiffs, Antonio Vitolo and Jake's Bar and Grill, LLC, filed this lawsuit on May 12, 2021, and immediately sought a temporary restraining order and preliminary injunction. Dkts. 1, 11, 12. After this Court denied each, Dkts. 16, 24, 32, Plaintiffs appealed on an emergency basis to the Sixth Circuit and sought an injunction pending appeal. Dkts. 25, 33; Mot. for Inj. Pending Appeal, Dkt. 4, No. 21-5517 (6th Cir., May 20, 2021). On May 27, the Sixth Circuit issued an opinion and order granting an injunction directing the government to "fund the plaintiffs' grant application, if approved, before all later-filed applications, without regard to processing time or the applicants' race or sex." *Vitolo,* 2021 WL 2172181, at *9. The Sixth Circuit concluded that Plaintiffs "will win on the merits of their constitutional claim"—both as to race and sex discrimination—and therefore were entitled to an injunction. *Id.* at *8.

Just like Vitolo and Jake's Bar, Additional Plaintiffs also filed applications for grants from the Restaurant Revitalization Fund on the first day the application period opened, but have yet to be approved, due to Defendant's unconstitutional reordering of applications based on race and gender. Castiglioni Decl. (Ex. 1) ¶¶ 8–11; Flanagan Decl. (Ex. 2) ¶¶ 8–11; Pearson Decl. (Ex. 3) ¶¶ 8–11; Sackett Decl. (Ex.

4) ¶¶ 8–11. Thus, Additional Plaintiffs are entitled to an injunction for the exact same reasons as the Original Plaintiffs, and this Court should immediately enter such an injunction based on the Sixth Circuit's decision. Defendant should also be ordered to immediately place funds in reserve to cover all amounts requested by Additional Plaintiffs, as Defendant did previously with Vitolo and Jake's Bar. *See* Dkt. 30:15; *See Vitolo v. Guzman,* No. 21-5517, Dkt. 13:4 (Decl. of Miller, ¶6, May 24, 2021).

The government is likely to argue, as it did to the Sixth Circuit, that an injunction is now unnecessary because the priority period has ended. The Sixth Circuit rejected that argument because the government's own declaration, submitted to that court, indicated that later-filed priority applications had received a "processing head start," creating a distinct possibility that priority applicants could completely deplete the fund before any white, male applicants received a shot at any funds. *Vitolo,* 2021 WL 2172181, at *3.

After the Sixth Circuit issued its decision, the government submitted a supplemental declaration in an attempt to rebut the obvious implication of its prior declaration, *see Vitolo v. Guzman,* No. 21-5517, Dkt. 23 (6th Cir., May 28, 2021), but the latest declaration still fails to explain how SBA is processing applications and what determines which applications get paid and which do not. Even its latest declaration indicates that SBA is *concurrently* processing "all pending applications—both priority and non-priority," and when (or whether) an applicant gets paid depends on how quickly its application is processed. *Id*. ¶¶ 6–7. Thus, if SBA is continuing to process *any* later-filed, priority applications, such that those priority applications

- 3 -

Case 3:21-cv-00176-TRM-DCP Document 39 Filed 06/02/21 Page 3 of 4 PageID #: 322

might get paid before *any earlier-filed* non-priority applications, then the priority period continues to have an effect based on unconstitutional race and gender discrimination. As the Sixth Circuit recognized, there is an "obvious solution to this"—"*fund* grants in the order they were received—without regard to priority status," and "without regard to processing time." *Vitolo,* 2021 WL 2172181, at *3, *9. If the SBA is already processing—and *funding*—applications in the order that they were received, "without regard to processing time or the applicants' race or sex," then it should not oppose an injunction, as it will not require anything different from SBA.[2]

Given the thoroughness of the record, Plaintiffs do not request a hearing.

Dated: June 2, 2021

WISCONSIN INSTITUTE FOR LAW & LIBERTY

Rick Esenberg
rick@will-law.org

/s/ *Daniel P. Lennington*
Daniel P. Lennington (*pro hac vice*)
dan@will-law.org

Luke N. Berg (*pro hac vice*)
luke@will-law.org

330 E. Kilbourn Ave., Suite 725
Milwaukee, WI 53202
Phone: (414) 727-9455
Fax: (414)727-6385

*Attorneys for Plaintiffs*

---

[2] If the government continues to assert that an injunction is unnecessary without clearly explaining what it is doing, this Court should enter a short-term injunction and set an expedited discovery period (a few days) to allow Plaintiffs to submit a few interrogatories to the government to get to the bottom of how the SBA is processing and funding applications.

- 4 -