IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

ANTONIO VITOLO, JAKE'S BAR AND GRILL,
LLC, BYRON SACKETT, HOMESTEADS
MANAGEMENT, LLC, KEVIN L. PEARSON,
S & K SOUP CO., ALFRED CASTIGLIONI,
THE 579 LLC, CHARDONNAYS INC., ZINFANDEL
LLC, DENIS FLANAGAN, 3KAD LLC

     Plaintiffs,

v.                                      Case No. 3:21-cv-176

ISABELLA CASILLAS GUZMAN,

     Defendant.

**PLAINTIFFS' REPLY IN SUPPORT OF SECOND
EMERGENCY MOTION FOR A TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTION**

     In their response to Plaintiffs' second motion for a temporary restraining order and preliminary injunction, Defendant now asserts, for the very first time, that SBA has stopped "processing any priority applications" and "will only resume processing these applications once it completes processing for all previously filed non-priority applications, and only then if the RRF is not first exhausted." Dkt. 41-1, ¶ 15. If that is true and SBA follows through, Plaintiffs acknowledge that this would be similar to the relief Plaintiffs have sought since this case was first filed. *See* Dkt. 11. An injunction is still warranted, however, for two reasons. First, to ensure that SBA *does* follow through—as Defendant's filings reveal, SBA has been changing its process day-

by-day throughout this litigation. Second, the injunction Plaintiffs request, which is identical to the injunction the Sixth Circuit ordered, will avoid arbitrariness in which applicants get paid based on how long they take to process, unlike SBA's process.

In a letter and declaration SBA filed with the Sixth Circuit on May 26—after the priority period had ended—SBA did *not* claim at that time that it had stopped processing unfinished priority applications. *See* Dkt. 16, No. 21-5517 (6th Cir. May 26, 2021). Instead, SBA merely asserted that it stopped considering priority status "when *beginning* to process an otherwise eligible claim." *Id.* ¶ 16. Plaintiffs emphasized—and the Sixth Circuit agreed—that this still gave priority applicants a "processing head start … on the basis of race and sex." *Vitolo v. Guzman*, No. 21-5517, 2021 WL 2172181, at *3 (6th Cir. May 27, 2021).

Then, on May 28, after the Sixth Circuit's decision, Defendant submitted another letter and declaration, asserting that it had "reordered its processing queue based on the time that applicants submitted their applications," and therefore, SBA argued, it was no longer "processing applicants *solely* based on priority status." Dkt. 23, No. 21-5517 (6th Cir. May 28, 2021). But Defendant continued to represent that SBA was still actively and concurrently "processing all pending applications—both priority and non-priority." *Id.* ¶ 6.[1]

---

[1] The quoted sentence goes on to say "in the order in which they were filed." However, the very next paragraph explained that SBA's review process is concurrent, such that "RRF applications will not necessarily be approved and awarded in the order in which they are filed." And SBA still made no representation that it had halted processing priority applications until earlier-filed non-priority applications were complete.

Only after Plaintiffs filed a new injunction motion did SBA first represent that it has completely halted processing any priority applications until all earlier-filed non-priority applications have been fully processed. Notably, this most recent declaration does not assert that SBA halted processing priority applications *back on May 24*, when the priority period ended; but instead carefully says only that it "is not *currently* processing any priority applications"—a further indication that SBA's process has been changing daily in response to Plaintiffs' arguments in this case. Dkt. 41-1, ¶ 15.

Given that history, and to ensure that SBA does not change its process again, this Court should still enter the injunction Plaintiffs requested. *See Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 190, 120 S. Ct. 693, 709, 145 L. Ed. 2d 610 (2000) ("[A] defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur."). The injunction Plaintiffs request is worded exactly as the injunction the Sixth Circuit ordered; and it requires something very similar to what SBA now says it is doing, so SBA should have no reason to oppose it.

Defendant's only objection to the injunction is that requiring SBA to *fund* applications in the order they were filed, without regard to processing time, would "gum up the works" because a "single deficient or particularly complex application" would prevent other, simpler applications from receiving funds. Dkt. 41:9. But SBA can simply set aside funds for any such applications while it deals with any

complexities, allowing it to continue with all other applications. Indeed, SBA already did exactly that with respect to Plaintiff Jake's Bar's application. *See* Dkt. 13, ¶ 6, No. 21-5517 (6th Cir. May 28, 2021) ("SBA is reserving authorization for one RRF grant application in the amount of $104,590.20 for Jake's Bar and Grill, LLC."). There is no reason SBA cannot do the same if Plaintiffs' or other applicants' applications have complexities that cause delays in processing.

Furthermore, allowing funding to depend on how long the application takes to process creates arbitrariness in who ultimately gets paid—or worse, an opportunity for SBA to affect who gets paid by how quickly they process applications. The Sixth Circuit's injunction avoided this by requiring SBA to *fund* Plaintiff Jake's Bar's application before any later-filed applications, "*without regard to processing time.*" *Vitolo*, 2021 WL 2172181 at *9 (emphasis added). Plaintiffs are simply asking for the exact remedy the Sixth Circuit already found was warranted.

Even if this Court concludes that an injunction is no longer warranted, it should, at the very least, order Defendant to set aside the funds for Amended Plaintiffs' applications, as SBA did for Jake's Bar's. Plaintiffs made this request in their principal brief, and Defendant did not make any statement or argument in opposition. This Court should also require Defendant to notify the Court and Plaintiffs before SBA resumes processing any priority applications, so that Plaintiffs and this Court can confirm that their applications have been fully processed (assuming they were filed earlier) before any later-filed, but still-outstanding, priority applications.

- 4 -

Case 3:21-cv-00176-TRM-DCP   Document 43   Filed 06/07/21   Page 4 of 5   PageID #: 354

Dated: June 7, 2021

                                        WISCONSIN INSTITUTE FOR LAW & LIBERTY

Rick Esenberg
rick@will-law.org

Daniel P. Lennington (*pro hac vice*)
dan@will-law.org

/s/ *Luke N. Berg*
Luke N. Berg (*pro hac vice*)
luke@will-law.org

330 E. Kilbourn Ave., Suite 725
Milwaukee, WI 53202
Phone: (414) 727-9455
Fax: (414)727-6385

*/s/ Matthew J. McClanahan*
Matthew J. McClanahan (BPR #036867)
McClanahan & Winston, PC
PO Box 51907
Knoxville, Tennessee 37950
Telephone: (865) 347-3921
Fax: (865) 444-0786
Email: matt@tennadvocate.com

*Attorneys for Plaintiffs*