UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ANTONIO VITOLO and JAKE'S BAR AND GRILL, LLC, *et al.*, | Case No. 3:21-cv-176 |
| *Plaintiffs*, | Judge Travis R. McDonough |
| v. | Magistrate Judge Debra C. Poplin |
| ISABELLA CASILLAS GUZMAN | |
| *Defendant*. | |

## MEMORANDUM OPINION

Before the Court is a motion for temporary restraining order and preliminary injunction filed by Plaintiffs Byron Sackett, Homesteads Management, LLC, Kevin L. Pearson, S & K Soup Co., Alfred Castiglioni, The 579 LLC, Chardonnays Inc., Zinfandel LLC, Denis Flanagan, and 3KAD LLC (collectively, the "Additional Plaintiffs"). (Doc. 39.) For the following reasons, the Court **DENIES** the Additional Plaintiffs' motion.

### I. BACKGROUND

As part of the American Rescue Plan Act of 2021 (the "ARPA"), Congress appropriated $28,600,000,000 to a Restaurant Revitalization Fund (the "RRF") and tasked the Administrator of the Small Business Administration ("SBA") with disbursing funds to restaurants and other eligible entities that suffered COVID-19 pandemic-related revenue losses. The ARPA directs the Administrator to "award grants to eligible entities in the order in which applications are received," except that "during the initial 21-day period in which the Administrator awards grants," the Administrator "shall prioritize" awarding grants to: (1) business concerns owned and

controlled by women; (2) business concerns owned and controlled by veterans; and (3) socially and economically disadvantaged business concerns.

On May 12, 2021,[1] Plaintiffs Antonio Vitolo and Jake's Bar and Grill (the "Original Plaintiffs") filed a complaint asserting that the ARPA's twenty-one-day priority period violates the United States Constitution's equal protection clause and due process clause because it impermissibly grants benefits and priority consideration based on race and gender classifications. (Doc. 1, at 8–9.) The Original Plaintiffs requested that the Court enter both a temporary restraining order prohibiting the Small Business Administration from paying out grants from the RRF unless it processes applications in the order they were received (without regard to the race or gender of the applicant) and a preliminary injunction requiring the SBA to process applications and pay grants in the order received regardless of race or gender, among other forms of relief. (*Id*. at 9–10.)

The Court denied the Original Plaintiffs' motion for temporary restraining order on May 17, 2021. (Docs. 20, 24.) The Court subsequently denied the Original Plaintiffs' motions for an injunction pending appeal of the temporary restraining order (Doc. 27) and for a preliminary injunction (Doc. 32.) The Original Plaintiffs appealed the Court's orders denying a temporary restraining order (Doc. 25) and preliminary injunction (Doc. 33) to the United States Court of Appeals for the Sixth Circuit. On May 27, 2021, the Sixth Circuit granted the Original Plaintiffs' motion for an injunction pending appeal, finding that the Original Plaintiffs were likely to succeed on the merits of their case. (Doc. 37.) The injunction required the Government

---

[1] On the same day, the Original Plaintiffs filed a motion for temporary restraining order (Doc. 12) and a motion for preliminary injunction (Doc. 11). The Original Plaintiffs also filed a single memorandum in support of their motions for temporary restraining order and preliminary injunction. (Doc. 12-2.)

to "fund the [Original Plaintiffs'] grant application, if approved, before all later-filed applications, without regard to processing time or the applicants' race or sex." (*Id.* at 17.)

On June 1, 2021, the Original Plaintiffs amended their complaint to add the Additional Plaintiffs. (Doc. 34.) Plaintiffs Sackett, Pearson, Castiglioni, and Flanagan allege that they all applied for grants from the RRF on May 3, 2021 and were "denied a priority preference based on [their] race and gender." (*Id.* at 3; *see also* Doc. 39-1, at 2; Doc. 39-2; Doc. 39-3; Doc 39-4.) The Additional Plaintiffs then filed a motion for a temporary restraining order and preliminary injunction on June 2, 2021 (Doc. 39.)

In responding to the Additional Plaintiffs' motion, the Government submitted the declaration of John A. Miller, Deputy Associate Administrator of Capital Access at SBA. (Doc. 41-1.) In his declaration, Miller declared, under the penalty of perjury, that SBA: (1) has already commenced processing non-priority applications, including the Additional Plaintiffs' applications, in a sequential order based on its ordinary review practices; (2) is not currently processing any priority applications and will only resume processing for priority applications once it completes processing for all previously filed non-priority applications, and only then if the RRF is not first exhausted; and (3) has already initiated processing and consideration for all of the Additional Plaintiffs' applications. (*Id.* at 3–5.)

II. ANALYSIS

The Additional Plaintiffs seek an injunction identical to the one that the Sixth Circuit entered for the Original Plaintiffs, "ordering [the Government] to pay Additional Plaintiffs' grant applications, if approved, before all later-filed applications, without regard to processing time or

3

the applicant's race or sex."[2]  (Doc. 39, at 1.)  In opposing the Additional Plaintiffs' motion for temporary restraining order and preliminary injunction, the Government argues that the Additional Plaintiffs' claims are moot because the priority period has already expired, so there is no additional relief that the Court could afford the Additional Plaintiffs under SBA's current processing procedures.  (Doc. 41, at 6–7.)

"Article III, § 2 of the United States Constitution vests federal courts with jurisdiction to address 'actual cases and controversies.'"  *Thomas v. City of Memphis*, No. 20-6118, 2021 U.S. App. LEXIS 12953, at *8 (6th Cir. Apr. 30, 2021) (citing *Coal. for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004) (citations omitted)).  Federal courts are prohibited from rendering decisions that "do not affect the rights of the litigants."  *Id.* (citations omitted).  "A case becomes moot 'when the issues presented are no longer live or parties lack a legally cognizable interest in the outcome.'"  *Id.* (citing *Cleveland Branch, N.A.A.C.P. v. City of Parma, Ohio*, 263 F.3d 513, 530 (6th Cir. 2001) (citations omitted)).  "The 'heavy burden' of demonstrating mootness falls on the party asserting it."  *Id.* at *8–*9 (citing *Friends of the Earth, Inc. v. Laidlaw Envt'l. Servs.*, 528 U.S. 167, 189 (2000)).

"Voluntary cessation of [] alleged illegal conduct does not, as a general rule, moot a case and 'deprive the tribunal of power to hear and determine the case.'  Voluntary cessation will only moot a case where there is 'no reasonable expectation that the alleged violation will recur,' and 'interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'"  *Speech First, Inc. v. Schlissel*, 939 F.3d 756, 767 (6th Cir. 2019) (citing *Los Angeles*

---

[2] This Court acknowledges that it is bound by the Sixth Circuit's decision granting the Original Plaintiffs an injunction pending appeal, which found that the Original Plaintiffs were likely to succeed on the merits of their claim.  The Additional Plaintiffs are nearly identical to the Original Plaintiffs in that they are white male business owners who applied for relief from the RRF on May 3, 2021, and were denied priority status on the basis of their gender and race.

*Cnty. v. Davis*, 440 U.S. 625, 631 (1979) (quotation omitted)). "[T]he burden in showing mootness is lower when it is the government that has voluntarily ceased its conduct," because "'cessation of [] allegedly illegal conduct by government officials has been treated with more solicitude by the courts than similar action by private parties' and [] '[the Government's] self-correction provides a secure foundation for a dismissal based on mootness so long as it appears genuine.'" *Id.* at 767 (quoting *Bench Billboard Co. v. City of Cincinnati*, 675 F.3d 974, 981 (6th Cir. 2012) (quotation omitted)). The Court "presume[s] that the same allegedly wrongful conduct by the government is unlikely to recur." *Id.* (citing *Friends of the Earth*, 528 U.S. at 189). However, determining whether the ceased action could reasonably be expected to recur "takes into account the totality of the circumstances surrounding the voluntary cessation, including the manner in which the cessation was executed." *Id.* at 768. "If the discretion to effect the change lies with one agency or individual, or there are no formal processes required to effect the change, significantly more than the bare solicitude itself is necessary to show that the voluntary cessation moots the claim." *Id.* (citations omitted).

      **A.    The Additional Plaintiff's Claims are Moot Because an Injunction Would Not Affect Their Rights.**

The Additional Plaintiffs joined this lawsuit on June 1, 2021, a week after the twenty-one-day statutory priority period expired. Because the twenty-one-day priority period has expired, the Government is: (1) processing non-priority applications, including the Additional Plaintiffs' applications, in a sequential order based on its ordinary review practices; and (2) not currently processing any priority applications and will only resume processing priority applications once it completes processing all previously filed non-priority applications, and only then if the RRF is not first exhausted.

5

Case 3:21-cv-00176-TRM-DCP   Document 44   Filed 06/10/21   Page 5 of 8   PageID #: 360

Accordingly, there is no need for an order enjoining the Government to fund the Additional Plaintiffs' grant applications, "if approved, before all later-filed applications, without regard to processing time or the applicants' race or sex." (*See* Doc. 37, at 17.) SBA is already processing the Additional Plaintiffs' applications without regard to race or sex, so an injunction would not "affect the rights of the litigants" because "the issues presented are no longer live." *Thomas*, 2021 U.S. App. LEXIS 12953, at *8 (citations omitted).

Further, because SBA is no longer processing *any* priority applications, there is no need for an injunction with respect to processing time. In its order granting an injunction pending appeal, the Sixth Circuit was concerned about the "processing head start" that priority applications received compared to the Original Plaintiffs. (Doc. 37, at 8.) Specifically, the Sixth Circuit noted that:

> [T]he [RRF] program's race and sex preferences did not end with the priority phase. That just marks when the Small Business Administration starts processing applications from non-priority restaurants. The agency says processing takes approximately 14 days. So all of the "priority" applications that were received in the 21-day window are still being processed first. And no application is paid out before going through the 14-day processing window. So with these preferences in place, the fund may be depleted before the plaintiffs' application has been processed. . . . Vitolo submitted his application on May 3. Restaurants that submitted "priority" applications on May 24 will likely receive their grants before the agency has time to finish processing Vitolo's application. . . . Since it normally takes 14 days to process an application, this means that the agency should be almost through priority applications received between May 3 and May 11. But that leaves all the priority applications received between May 12 and May 24, which have gotten a processing head start relative to Vitolo's application. There is a real risk that the funds will run out, unless the agency processes Vitolo's application before the May 12 to May 24 batch.

(*Id.* (citations omitted).) Plaintiffs argue that entering an injunction identical to that ordered by the Sixth Circuit "will avoid arbitrariness in which applicants get paid based on how long they take time to process." (Doc. 43, at 2.) However, the case at bar does not challenge the ordinary internal review practices of SBA in processing RRF applications, but rather the SBA's use of a

6

Case 3:21-cv-00176-TRM-DCP   Document 44   Filed 06/10/21   Page 6 of 8   PageID #: 361

race- and gender-based priority period that gave priority applicants a "head start" on having their application processed. The SBA is no longer processing *any* priority applications. The Court, therefore, declines to enjoin the Government to require that the Additional Plaintiffs' applications be approved without respect to processing time when processing time is no longer affected by the race- or gender-based priority period challenged in this suit.

### B. The Government Has Clearly Shown that the Allegedly Wrongful Behavior Cannot Reasonably Be Expected to Recur.

SBA Deputy Associate Administrator Miller has sworn under penalty of perjury that the Additional Plaintiffs' applications are being processed sequentially without regard to race or gender, and that no additional priority applications will be processed by SBA unless and until all previously-filed non-priority applications, including the Additional Plaintiffs' applications, have been processed. Although formal legislative processes are not required to change the SBA's internal application-review procedures, the Court considers the totality of the circumstances, including the Government's self-corrections throughout this case, and determines that there is a secure foundation for a dismissal based on mootness because the Government's cessation appears genuine and has completely and irrevocably eradicated the effects of the alleged Constitutional violation against the Additional Plaintiffs. Therefore, the Court finds that it is clear that the allegedly wrongful behavior harming the Additional Plaintiffs cannot reasonably be expected to recur, and therefore the Additional Plaintiffs' claims are moot.

However, the Government is **ORDERED** to file a notice with the Court as soon as possible if and/or when: (1) the Additional Plaintiffs' applications have been funded, and (2) SBA decides to resume processing of priority applications, before SBA begins to process said priority applications.

7
Case 3:21-cv-00176-TRM-DCP   Document 44   Filed 06/10/21   Page 7 of 8   PageID #: 362

### III. CONCLUSION

For the reasons stated herein, the Additional Plaintiffs' motion for temporary restraining order and preliminary injunction (Doc. 39) is **DENIED**. The Government is **ORDERED** to file a notice with the Court as soon as possible if and/or when: (1) the Additional Plaintiffs' applications have been funded, and (2) SBA decides to resume processing of priority applications.

**SO ORDERED**.

/s/ <i>Travis R. McDonough</i><br>
<b>TRAVIS R. MCDONOUGH</b><br>
<b>UNITED STATES DISTRICT JUDGE</b>