IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| ANTONIO VITOLO, *et al.*,<br><br>    *Plaintiffs*,<br>v.<br><br>ISABELLA CASILLAS GUZMAN,<br><br>    *Defendant*. | Case No. 3:21-cv-176-TRM-DCP<br><br>Chief Judge Travis R. McDonough<br><br>Magistrate Judge Debra C. Poplin |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT FOR LACK OF JURISDICTION**

Congress enacted the American Rescue Plan Act ("ARPA" or "Act") in March 2021 as a continuation of the federal government's efforts to provide relief to American individuals and businesses suffering the economic and public health effects of the COVID-19 pandemic. The Act allocated $28.6 billion towards a Restaurant Revitalization Fund ("RRF" or "Fund") to be administered by the Small Business Administration ("SBA") that could grant eligible restaurants relief equal to revenue losses caused by the pandemic. SBA began accepting RRF applications from eligible restaurants on May 3, 2021. Due to overwhelming demand, claims on the RRF rapidly dwarfed the allocation of funds set aside by Congress and, accordingly, the SBA stopped accepting RRF applications on May 24, 2021. It continued paying out RRF awards until June 30, 2021, at which point the Fund became exhausted. The Fund is now closed.

In creating the RRF, Congress crafted a narrow plan that permitted all eligible restaurants to apply for relief but that instructed the SBA, for the first 21 days the RRF operated, to prioritize processing claims from restaurants owned and controlled by women, veterans, and/or socially and economically disadvantaged individuals.[1] This priority period operated from the RRF's inauguration

---

[1] In crafting this priority period, Congress was motivated by extensive evidence showing its prior COVID-19 relief efforts exacerbated existing inequalities between different groups of small business owners—including women and socially and economically disadvantaged restaurant owners—

1

on May 3, 2021 through May 24, 2021.  But consistent with the statute, after the priority period ended SBA began processing non-priority applications, including the Plaintiffs' applications, based on its ordinary review practices.

Plaintiffs, restaurants and restaurant owners who applied for RRF awards, filed this lawsuit to challenge the priority period provision of the RRF on the basis that it unconstitutionally discriminates on the basis of race and sex.  But this case no longer presents any type of "live controversy" that falls within this Court's jurisdiction, and accordingly the case should be dismissed.  First, the SBA disbursed the full amount of the RRF award sought by Plaintiffs Antonio Vitolo and Jake's Bar & Grill on June 1, 2021, and thus this Court cannot provide any further relief to those Plaintiffs.  Second, by the time the Amended Complaint added the Additional Plaintiffs to this litigation, the priority period had ended.  As this Court recognized in a prior opinion, once the priority period ended, SBA began processing non-priority applications (including those submitted by the Additional Plaintiffs) under its ordinary review practices.  Because of these operational changes, the Additional Plaintiffs' claims are moot because the injunctive or declaratory relief sought in the Amended Complaint would not affect their legal rights.  Finally, because the RRF is now exhausted, there is no further relief the Court can provide, and Plaintiffs' claims are therefore moot.  Accordingly, this case should be dismissed for lack of subject matter jurisdiction.

## BACKGROUND

### A. The American Rescue Plan Act and the Restaurant Revitalization Fund

On March 11, 2021, Congress enacted the American Rescue Plan Act, which provides widespread COVID-related relief to the American people and businesses, including restaurants. American Rescue Plan Act, Pub. L. No. 117-2 (2021) ("ARPA").  As relevant here, section 5003 of ARPA established the RRF and appropriated $28.6 billion to the fund for fiscal year 2021.  ARPA §

---

due to past and present discrimination within public and private lending markets. Congress also analyzed similar evidence showing that these businesses have borne an outsized burden during the pandemic due to past and present discrimination, including the lack of access to earlier COVID-19 relief funds.

5003(b)(1)-(2). Section 5003 instructs that in the first 21 days that awards are issued through RRF, the SBA:

> shall prioritize awarding grants to eligible entities that are small business concerns owned and controlled by women (as defined in section 3(n) of the Small Business Act(15 U.S.C. 632(n)), small business concerns owned and controlled by veterans (as defined in section 3(q) of such Act (15 U.S.C. 632(q))), or socially and economically disadvantaged small business concerns (as defined in section 8(a)(4)(A) of the Small Business Act (15 U.S.C. 637(a)(4)(A))).

ARPA § 5003(c)(3)(A). The details of that prioritization scheme are set out in detail in Defendant's earlier filings and in this Court's prior order. *See, e.g.*, Def.'s Opp. to Pls'. Mot. for Temporary Restraining Order 2-8, ECF No. 18 ("Def.'s TRO Opp."); Mem. Op. 1-5, ECF No. 24 ("First TRO Op.").

SBA began accepting applications through the RRF portal on May 3, 2021. *See* SBA, *SBA Administrator Guzman Announces Application Opening for $28.6 Billion Restaurant Revitalization Fund* (Apr. 27, 2021), https://www.sba.gov/article/2021/apr/27/sba-administrator-guzman-announces-application-opening-286-billion-restaurant-revitalization-fund. Per section 5003, the opening of the RRF application process triggered the beginning of the 21-day priority period. Declaration of John A. Miller ¶¶ 7-8, ECF No. 41-1 ("First Miller Decl."). Consistent with those provisions, SBA began processing applications from applicants who self-certified as qualifying for priority status. *Id* ¶ 12.

Demand for RRF awards was immediate and overwhelming from priority and non-priority applicants alike. On May 5, 2021, SBA reported that it had received approximately 186,000 applications in two days from both priority and non-priority businesses. *See* SBA, *Administrator Isabella Casillas Guzman Announces Initial Results of Restaurant Revitalization Fund* (May 5, 2021), https://www.sba.gov/article/2021/may/05/administrator-isabella-casillas-guzman-announces-initial-results-restaurant-revitalization-fund. On May 18, 2021, SBA announced that it had received more than 303,000 applications, requesting over $69 billion in funds. SBA, *Last Call: Administrator Guzman Announces Final Push for Restaurant Revitalization Fund Applications* (May 18, 2021), https://www.sba.gov/article/2021/may/18/last-call-administrator-guzman-announces-final-push-

restaurant-revitalization-fund-applications. SBA announced that it would close the RRF application portal on Monday, May 24, at 8 p.m. ET. *Id.*

During the priority period from May 3 to May 24, 2021, SBA prioritized initiating processing of RRF applications from veteran-owned and women-owned restaurants, as well as restaurants owned by socially and economically disadvantaged individuals. First Miller Decl. ¶ 12. After the expiration of the priority period, SBA made operational changes in order to comply with section 5003's instruction that the agency prioritize "awarding grants to eligible entities" only during the "initial 21-day period." ARPA § 5003(c)(3)(A). On May 25, 2021, SBA began processing applications from non-priority applicants with FY 2019 gross revenues less than $50,000. First Miller Decl. ¶ 13. On May 27, 2021, SBA began initiating the processing of non-priority applications. *Id.* ¶ 14. SBA booked the final priority applications that were funded into SBA's E-Tran system for disbursement of funds on the afternoon of May 27, 2021. *Id.* ¶ 16; *see also* Supp. Decl. of John Miller ¶ 10, ECF No. 46-1 ("Second Miller Decl."). This group of approximately 2,002 priority applicants had previously been approved prior to the time SBA stopped further processing of priority applications on May 26, 2021, but the applications were returned due to technical errors. First Miller Decl. ¶ 16. The funds for these applicants were disbursed by the Treasury Department on the morning of May 28, 2021. *Id.*

On June 30, 2021, SBA completed distribution of the $28.6 billion allocated to the RRF and announced that the fund had become exhausted. *See* SBA, *SBA Administrator Announces Closure of Restaurant Revitalization Fund Program* (July 2, 2021), https://www.sba.gov/article/2021/jul/02/sba-administrator-announces-closure-restaurant-revitalization-fund-program.

### B. Plaintiffs and This Litigation

On May 12, 2021, Plaintiffs Antonio Vitolo and Jake's Bar and Grill LLC (collectively, the "Original Plaintiffs") filed the initial complaint in this action challenging the RRF priority period. *See generally* Compl., ECF No. 1. The Original Plaintiffs moved for a temporary restraining order and a preliminary injunction, both of which were denied by this Court. *See* Order, ECF No. 20; Order, Mem. Op. 7, ECF No. 32 ("PI Op."). On May 27, 2021, the Sixth Circuit issued an opinion enjoining the SBA to "fund the plaintiffs' grant application, if approved, before all later-filed applications,

4
Case 3:21-cv-00176-TRM-DCP   Document 49-1   Filed 08/06/21   Page 4 of 11   PageID #: 380

without regard to processing time or the applicants' race or sex." *Vitolo v. Guzman*, 999 F.3d 353, 366 (6th Cir. 2021). On June 1, 2021, SBA disbursed $104,590.20 in RRF funds to Jake's Bar and Grill LLC. First Miller Decl. ¶ 20.

Also on June 1, 2021, Plaintiffs filed an Amended Complaint in this action that added several Additional Plaintiffs, each of whom identifies as a white male and each of whom contends that "he was denied a priority preference based on his race and gender." *See* Am. Compl. ¶¶ 6-9. On June 2, 2021, the Additional Plaintiffs filed an emergency motion asking this Court to enjoin Defendant "to pay Additional Plaintiffs' grant applications, if approved, before all other later-filed applications, without regard to processing time or the applicants' race or sex." *See* Pls.' Second Emergency Mot. for a Temporary Restraining Order & Preliminary Injunction 1, ECF No. 39 ("Add'l Pls.' TRO Mot."). On June 10, 2021, this Court denied that motion on the basis that the Additional Plaintiffs' claims were moot. *See* Mem. Op. 8, ECF No. 44 ("Second TRO Op."). After the priority period ended, SBA initiated processing and consideration of each of the Additional Plaintiffs' applications; however, the RRF was exhausted before the Additional Plaintiffs' applications were funded. Decl. of John A. Miller ¶¶ 12-13 ("Third Miller Decl.").

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party may seek dismissal of a claim for lack of jurisdiction. When a party moves to dismiss on 12(b)(1) grounds, "[t]he *plaintiff* has the burden of proving jurisdiction in order to survive the motion." *Allen v. Whitmer*, No. 21-1019, 2021 WL 3140318, at *2 (6th Cir. July 26, 2021) (quoting *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)). Questions of mootness are jurisdictional, and thus properly governed by Rule 12(b)(1). *See Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) ("Because the exercise of judicial power under Article III of the Constitution depends on the existence of a live case or controversy, mootness is a jurisdictional question.").

"Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Products, Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).

A facial attack challenges the sufficiency of the pleading, while a factual attack challenges the jurisdictional facts set forth in the complaint. *Id.* When a court considers a facial attack, it takes the allegations in the complaint as true. *Id.* "Where, on the other hand, there is a factual attack" on subject-matter jurisdiction, "no presumptive truthfulness applies to the allegations" and the district court may consider evidence outside the pleadings in assessing whether subject-matter jurisdiction exists. *Id.*

## ARGUMENT

"Article III, § 2 of the United States Constitution vests federal courts with jurisdiction to address 'actual cases and controversies,'" and "[f]ederal courts are prohibited from rendering decisions that 'do not affect the rights of the litigants.'" *Thomas v. City of Memphis*, 996 F.3d 318, 323 (6th Cir. 2021) (quoting *Coal. for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004)). Accordingly, "dismissal on mootness grounds is mandatory '[i]f after filing a complaint the claimant loses a personal stake in the action, making it 'impossible for the court to grant any effectual relief.'" *Thomas*, 996 F.3d at 330 (6th Cir. 2021) (quoting *Hrivnak v. NCO Portfolio Mgmt, Inc.*, 719 F.3d 563, 567 (6th Cir. 2013)).

The Amended Complaint should be dismissed under Rule 12(b)(1) because Plaintiffs have either received all of their requested relief or seek relief that is no longer available for the Court to grant. First, SBA has disbursed funds to the Original Plaintiffs for the full amount of their requested award. The relief requested in the Amended Complaint thus would have no impact on their legal rights, and their claims are therefore moot. Second, the Additional Plaintiffs' claims are moot because the priority period expired by its own terms on May 24, 2021, and SBA made a number of operational changes that provided the Additional Plaintiffs with essentially the same relief that they were seeking in Court. Finally, the RRF is now exhausted and closed, and no further awards can be paid out unless Congress elects to allocate more money to the RRF. Accordingly, Plaintiffs' claims are moot, and there is thus no further action for the Court to take with respect to Plaintiffs' claims save to dismiss them for lack of jurisdiction.

## I. Plaintiffs Vitolo and Jake's Bar and Grill LLC's Claims Are Moot Because They Have Already Received Their Requested Injunctive Relief.

As explained above, Plaintiffs Vitolo and Jake's Bar and Grill LLC brought the initial Complaint in this action, arguing that the RRF's priority period unconstitutionally discriminates on the basis of race and sex. The Original Plaintiffs further sought a temporary restraining order and a preliminary injunction prohibiting the SBA from paying out any awards from the RRF "*unless* Defendant begins processing applications and paying grants in the order that the applications were received, without regard to the race or gender of the applicants." *See* Pls.' Mot. for Temporary Restraining Order 21, ECF No. 12 ("Original Pls.' TRO Mot."). This court denied the Original Plaintiffs' motions, but on May 27, 2021, the Sixth Circuit granted the Original Plaintiffs' motion for an injunction pending appeal. *Vitolo*, 999 F.3d at 366. That injunction required SBA to "fund the [Original Plaintiffs'] grant application, if approved, before all later-filed applications, without regard to processing time or the applicants' race or sex." *Id.*

On June 1, 2021, SBA disbursed an RRF award of $104,590.20 to Jake's Bar and Grill LLC and Mr. Vitolo. First Miller Decl. ¶ 20. This amount represented the full amount requested by the Original Plaintiffs in their RRF application. Decl. of Antonio Vitolo ¶ 13, ECF No. 12-3. Because the Original Plaintiffs have had their application processed and funded, any further injunctive or declaratory relief by this Court would not affect their legal rights. As such, the Original Plaintiffs' claims are moot and must be dismissed. *See* Second TRO Op. 4 ("Federal courts are prohibited from rendering decisions that 'do not affect the rights of the litigants'") (citation omitted); *see also Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Alvarez v. Smith*, 558 U.S. 87, 93 (2009)) ("No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute 'is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.'"); *see also L.A. Cty. v. Davis*, 440 U.S. 625, 631 (1979) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'").

## II. The Additional Plaintiffs' Claims Are Moot Because Their Requested Relief Would Not Affect Their Legal Rights.

The Amended Complaint, which added the Additional Plaintiffs, was filed on June 1, 2021, one week after the statutory priority period expired. *See generally* Am. Compl.; *see also* Second TRO Op. 5. By the time the Additional Plaintiffs joined the case, the SBA had already (1) begun processing non-priority applications, including the Additional Plaintiffs' applications, based on its ordinary review practices; and (2) paused processing of priority applications until it completed processing for all previously filed non-priority applications.[2] First Miller Decl. ¶¶ 14-15; *see also* Second TRO Op. 5. As a result of these operational changes, SBA initiated processing and consideration of each of the Additional Plaintiffs' applications. First Miller Decl. ¶¶ 22-26.

Accordingly, when the Additional Plaintiffs moved for a temporary restraining order and preliminary injunction ordering Defendant "to pay Additional Plaintiffs' grant applications, if approved, before all later-filed applications, without regard to processing time or the applicant's race or sex," *see* Add'l Pls.' TRO Mot. 1, this Court held that there was "no need" for such an order because the SBA was "already processing the Additional Plaintiffs' applications without regard to race or sex, so an injunction would not 'affect the rights of the litigants' because 'the issues presented are no longer live.'" Second TRO Op. 6. The Court held that SBA's operational changes "irrevocably eradicated the effects of the alleged Constitutional violation against the Additional Plaintiffs," and thus the Additional Plaintiffs' claims were moot.[3] *Id.*

---

[2] The SBA stated that it would resume processing priority applications once it completed processing all previously filed non-priority applications "if the RRF is not first exhausted." First Miller Decl. ¶ 15. Because the RRF was exhausted before SBA finished processing all previously filed non-priority applications, SBA did not resume processing priority applications.

[3] The one aspect of the Additional Plaintiffs' requested relief that they did not receive was their request to have their RRF applications paid "before all other later-filed applications, *without regard to processing time*." Add'l Pls.' TRO Mot. 1 (emphasis added). However, as this Court correctly noted in its earlier order "the case at bar does not challenge the ordinary internal review practices of SBA in processing RRF applications," and after the expiration of the priority period and SBA's corresponding operational changes, "processing time [was] no longer affected by the race- or gender-based priority period challenged in this suit." Second TRO Op. 6-7; *see also* Def.'s Response to Pls,' Second Emergency Motion 8-9, ECF No. 41 ("Second TRO Opp") (providing examples of differences in processing times not based on an applicant's race or gender). Accordingly, that aspect of the

The same reasoning applies to the Plaintiffs' remaining requests for relief: (1) "a declaratory judgment that the race- and gender-based classifications under Section 5003 of ARPA are unconstitutional," and (2) "an order permanently enjoining Defendant from applying race- and gender-based classifications when determining eligibility or priority consideration for grants under Section 5003 of ARPA." *See* Am. Compl. at 9-10 (Relief Requested). Because the priority period expired before Plaintiffs filed their Amended Compliant and because SBA initiated processing of the Additional Plaintiffs' applications and paused priority applications to mitigate any "head start" received by those applications, a declaratory judgment that the priority period was unconstitutional would have no effect on the Additional Plaintiffs' legal rights. Indeed, such a declaratory judgment would be a classic example of an advisory opinion. *See Thomas*, 996 F.3d at 330 (holding that after the defendant changed its policy, an injunction or declaration declaring that policy unconstitutional "would amount to exactly the type of advisory opinion that Article III prohibits"). A permanent injunction barring Defendant from applying race- and gender-based classifications when determining eligibility or priority consideration for RRF award is similarly unnecessary. *Id.* (affirming district court's dismissal on mootness grounds where the requested injunction would lack "any practical effect").[4]

---

Additional Plaintiffs' requested relief had no relationship to the legal claims at issue in the case, and this Court therefore correctly declined to issue an injunction to that effect.

[4] Because Plaintiffs filed their operative complaint on June 1, 2021, after the expiration of the challenged priority period, the Plaintiffs also lack standing to pursue their requested relief because they have not shown that they have suffered an actual or imminent injury that is likely to be redressed by an order of this Court. Although this Court previously held on May 12, 2021, that the Original Plaintiffs properly alleged standing (*see* PI Op. 4-5 (citing *Aiken v. Hackett*, 281 F.3d 516, 519) (6th Cir. 2002)), that ruling does not confer standing on all plaintiffs in perpetuity. Standing is evaluated at the time the operative complaint is filed, which in this case is June 1, 2021. *See Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 (2007); *see also Holt v. Lauderdale-Hamilton, Inc.*, No. 2:16-cv-00092-MCLC, 2017 WL 887380, at *3 (E.D. Tenn. Mar. 1, 2017). By the time the Amended Complaint was filed, the priority period had expired by its own terms, and SBA had made corresponding operational changes to its processing and consideration of RRF applications, including changes that mitigated any "processing head start" for priority applicants. Thus, even if Plaintiffs were injured during the priority period, that injury was no longer ongoing at the time the Amended Complaint was filed. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *see also Hange v. City of Mansfield, Ohio*, 257 F. App'x 887, 891-92 (6th Cir. 2007). Moreover, for all the reasons discussed above, Plaintiffs' claims were not likely to be redressed by a favorable decision of this Court because SBA's actions had already "irrevocably

Further, because the RRF is now exhausted, SBA is no longer processing or funding *any* applications—priority or otherwise—there is accordingly no further action for the Court to take with respect to the Additional Plaintiffs' requested relief. *See Brandywine, Inc. v. City of Richmond*, 359 F.3d 830, 836 (6th Cir. 2004) ("We can neither declare unconstitutional nor enjoin the enforcement of a provision that is no longer in effect."); *see also Fieger v. Gromek*, 373 F. App'x 567, 572 (6th Cir. 2010).[5] Thus, even if a live case or controversy did exist when the Plaintiffs filed their Amended Complaint and moved for a temporary restraining order or preliminary injunction (and it did not), any such controversy has ceased to exist in view of the RRF's exhaustion. The Amended Complaint must therefore be dismissed for lack of jurisdiction.

## CONCLUSION

For the foregoing reasons, the Amended Complaint should be dismissed.

Dated: August 6, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

LESLEY FARBY
Assistant Branch Director

s/*Alexandra R. Saslaw*
ALEXANDRA R. SASLAW
Trial Attorney

---

eradicated the effects of the alleged Constitutional violation." Second TRO Op. 7. After all, "Article III standing ultimately turns on whether a plaintiff gets something (other than moral satisfaction) *if the plaintiff wins*." *Hange*, 257 F. App'x at 892 (quoting *Drutis v. Rand McNally & Co.*, 499 F.3d 608, 612 (6th Cir. 2007)); *see also Friends of Tims Ford v. Tenn. Valley Auth.*, 585 F.3d 955, 970-71 (6th Cir. 2009). But even if the Additional Plaintiffs had standing to bring their claims on June 1, 2021, those claims are now moot.

[5] Although these cases involve situations where the policy was changed, rather than expired by its own terms, the same logic should apply here: the Court cannot enjoin enforcement of a provision that is no longer in effect because such an action would no longer affect the legal rights of the parties involved. *See Trump v. Hawaii*, 138 S. Ct. 377, 377 (2017) (per curiam) (holding that because the challenged provisions of the Executive Order "have 'expired by [their] own terms,' the appeal no longer presents a 'live case or controversy'").

United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 514-4520
alexandra.r.saslaw@usdoj.gov

*Attorneys for Defendant*